IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CR-132-FL-1
No. 7:19-CV-100-FL

| | |
|---|---|
| ANGEL CASTRO, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 44, 46), and respondent's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE 52). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R") (DE 58), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Petitioner timely objected. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, petitioner's § 2255 motion is denied, and respondent's motion to dismiss is granted.

**BACKGROUND**

On January 10, 2018, the government filed superseding indictment charging petitioner with four counts: 1) false representation of social security number, under 42 U.S.C. § 408(a)(7)(B); 2) aggravated identity theft, under 18 U.S.C. § 1028A(a)(1); 3) possession of a firearm by a felon, under 18 U.S.C. §§ 922(g)(1) and 924; and 4) illegal reentry of an aggravated felon, under 18 U.S.C. §§ 1326(a) and (b)(2). Petitioner pleaded guilty pursuant to a written plea agreement on

September 11, 2018, to the charges of aggravated identity theft and illegal reentry of an aggravated felon. On January 18, 2019, petitioner was sentenced to a term of 42 months imprisonment. Petitioner did not appeal.

Petitioner filed the instant motion to vacate on May 21, 2019, as corrected on June 4, 2019, asserting that his counsel was ineffective for failing to file a motion to dismiss the illegal reentry charge on the basis of statute of limitations. The magistrate judge entered M&R on January 24, 2020, and petitioner filed his objections on February 18, 2020.

## DISCUSSION

A.   Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the

court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.     Analysis

Petitioner claims his counsel was ineffective in failing to file a motion to dismiss the illegal reentry charge on the basis of statute of limitations, arguing that the government had found him in the United States more than five years before his superseding indictment.

The Sixth Amendment to the United States Constitution provides that a criminal defendant is entitled "to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. In order claim that counsel's assistance was constitutionally ineffective, a petitioner must satisfy a two-pronged test. See Strickland v. Washington, 466 U.S. 688, 687 (1984). Under the first prong, a petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The second prong requires a petitioner to show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

3

In addition, when challenging a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Furthermore, petitioner "must convince the court that such a decision would have been rational under the circumstances." United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (quotations omitted).

In this case, the magistrate judge correctly determined that trial counsel was not deficient in failing to file a motion to dismiss the illegal reentry charge on the ground that it was barred by the five-year statute of limitations. Trial counsel did not act unreasonably in failing to raise a meritless argument. See Strickland, 466 U.S. at 688.

Under 8 U.S.C. § 1326, an alien who has previously been denied entry or been deported or removed commits the offense of illegal reentry when the alien thereafter "enters, attempts to enter, or is at any time found in, the United States . . . ." The statute of limitations applicable to § 1326 is found in 18 U.S.C. § 3282, and provides that "no person shall be prosecuted, tried or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years after such offense shall have been committed."

For the offense of illegal reentry, the five-year statute of limitations begins to run when the offense has been committed or "when the crime is complete." United States v. De Leon-Ramirez, 925 F.3d 177, 182 (4th Cir. 2019) (quotations omitted). The United States Court of Appeals for the Fourth Circuit has recognized that "a noncitizen is 'found in' the United States—and that the statute of limitations therefore begins to run—when federal authorities discover his illegal presence within these borders." Id. (quotations omitted); see also United States v. Gonzalez-Camacho, 217 F. App'x 229, 230 (4th Cir. 2007) ("[I]llegal reentry is a continuing offense that

4

begins when a previously removed alien enters the country and continues until he is found by immigration officials.").

Here, the superseding indictment charges that defendant was last deported from the United States in October 2009, at Columbus, Georgia, and that defendant was found in the United States on or about December 11, 2017. (DE 18 at 3). Consistent with this charge, defendant alleges in his motion to vacate that he returned to the United States on December 11, 2017. (DE 46 at 4). Thus, on the face of petitioner's § 2255 motion, there is no statute of limitations bar to the illegal reentry charge in the superseding indictment, and counsel did not act unreasonably in failing to file a motion to dismiss said charge.

In his objections, petitioner suggests his case is analogous to United States v. Gunera, 479 F.3d 373, 376 (5th Cir. 2007), where an illegal reentry charge was dismissed on statute of limitations grounds. Gunera, however, is instructively distinguishable. There, the defendant was deported in 1991 and again removed in 1992. He appeared and filed an application with the United States Immigration and Naturalization Service ("INS") in August 1999, that "provided his true name, date of birth, and place of birth, all of which had been known to the INS." Id. at 375. Then, in September 1999, INS ran an inquiry that revealed the defendant "had been deported to Honduras in 1991." Id. The defendant reported to Immigration and Customs Enforcement ("ICE") upon a request for information in November 2004, and he was indicted in December 2004. The court held that the illegal reentry charge in the indictment was barred by statute of limitations where it was filed more than five years after the defendant was found in the United States. Id. at 377.

In this case, defendant alleges that he returned to the United States in December 2017, which is less than one month before superseding indictment was filed in January 2018. (Mot. (DE 46) at 4; Obj. (DE 59) at 11). While defendant suggests that he appeared in the United States

earlier following his deportation in December 2009, there is no allegation or evidence that any of those appearances in the United States were made known to "federal authorities." De Leon-Ramirez, 925 F.3d at 182. For example, while the indictment describes defendant's appearance before the North Carolina Department of Transportation, Division of Motor Vehicles ("DMV"), in September 2013, there is no allegation that this was known to federal authorities at that time. (See Superseding Indictment (DE 18) at 2; see Mot. (DE 46) at 4). Moreover, and critically in distinction with Gunera, when defendant presented to the DMV in 2013, he used "the name, date of birth, and Social Security account number of a person having initials J.H.S." (Superseding Indictment (DE 18) at 2; see also Presentence Report (DE 37) at ¶13). This is in stark contrast to Gunera, where the defendant provided his true name and date of birth directly to federal immigration authorities, and they identified his prior deportation, more than five years prior to indictment. See 479 F.3d at 376.

Thus, petitioner's case is instructively distinguishable from Gunera, and there was no reasonable basis to seek dismissal of the illegal immigration charge on statute of limitations grounds. Accordingly, petitioner's ineffective assistance of counsel claim fails as a matter of law and petitioner's motion to vacate must be denied.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims

presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R. Petitioner's motion (DE 44, 46) is DENIED, and respondent's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE 52) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 10th day of April, 2020.

LOUISE W. FLANAGAN
United States District Judge